# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

Melva Webber,

    Plaintiff,

v.

Mark T. Esper, Secretary, Department of the Army,

    Defendant.

Case No. 16-CIV-552-RAW

## ORDER

Before the court are the following:

Defendant's Motion to Dismiss Plaintiff's Corrected Second Amended Complaint [Docket No. 56] filed on June 22, 2018, and Plaintiff's response [Docket No. 63];

Defendants' Motion to Dismiss Case for Failure to State a Claim [Docket No. 75] filed on August 16, 2018, and Plaintiff's response [Docket No. 76].

No replies have been filed to either motion.

This case was originally filed on December 13, 2016, alleging employment discrimination while Plaintiff was employed by Defendant [Docket No. 2]. At that time, Plaintiff was proceeding *pro se*. On June 14, 2017, Plaintiff filed an Amended Complaint [Docket No. 11]. On March 8, 2018, counsel entered their appearances for Plaintiff [Docket Nos. 36, 38]. On April 9, 2018, Plaintiff filed a Second Amended Complaint [Docket No. 45]. On June 7, 2018, Plaintiff filed a Corrected Second Amended Complaint [Docket No. 53]. On July 27, 2018, Plaintiff filed a Third Amended Complaint [Docket No. 70].

1

**Motion to Dismiss Corrected Second Amended Complaint**

A motion to dismiss will be deemed **MOOT**, upon the filing of an Amended Complaint, without prejudice to re-filing. (An amended complaint supersedes the previous complaint and "renders it of no legal effect." *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (citations omitted)). Due to the filing of the Third Amended Complaint, the Motion to Dismiss Corrected Second Amended Complaint [Docket No. 56] is deemed MOOT.

**Motion to Dismiss Plaintiff's Third Amended Complaint**

The court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to Plaintiff. *Nixon v. City and County of Denver,* 784 F.3d 1364, 1368 (10th Cir.2015). Plaintiff is not required to establish a prima facie case in his complaint, but is only required to allege enough factual allegations to set forth a plausible claim. *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1172 (10th Cir.2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendant contends that Plaintiff has not met the applicable pleading standard. In general, "Rule 8(a)(2) still lives. . . Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1172 (10th

Cir.2015)(internal brackets omitted; quoting *Khalik v. United States,* 671 F.3d 1188, 1191-92 (10th Cir.2012)).  On the other hand, complaints are not sufficient "that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Khalik,* 671 F.3d at 1191.

Plaintiff has made sufficient allegations as to the pending claims. Additionally, questions of fact remain that may more appropriately be pled at the summary judgment phase.  Defendant's Motion to Dismiss Third Amended Complaint [Docket No. 75] is DENIED.

## Conclusion

It is therefore ordered:

1. The Motion to Dismiss Corrected Second Amended Complaint [Docket No. 56] is deemed MOOT.
2. Defendant's Motion to Dismiss Third Amended Complaint [Docket No. 75] is DENIED.

Dated this 3rd day of   December, 2018.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA