```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

MELVA WEBBER,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. CIV-16-552-KEW
                                       )
MARK T. ESPER, Secretary,              )
Department of the Army, in his         )
official capacity,                     )
                                       )
            Defendant.                 )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment and Memorandum in Support Thereof (Docket Entry # 89). Upon review and consideration of the filings of the parties, this Court renders the following ruling.[1]

Plaintiff, a 67-year old, African-American female, was an employee at the McAlester Army Ammunition Plant for several years prior to applying for an open Management Analyst position (GS-9) in the Spring of 2010. At the time she applied for the position, Plaintiff was employed in a Management Assistant position (GS-7).

---

[1] As an initial matter, the Court notes Plaintiff's failure to follow the specific requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1. In her response, Plaintiff failed to properly respond to Defendant's statement of material facts not in dispute, as she failed to state whether Defendant's facts were disputed or undisputed. Moreover, in Plaintiff's statements of controverted facts not cited by Defendant, Plaintiff lists additional statements in question form and does not cite "with particularity, to any evidentiary material" in support of her statements. *See* Fed. R. Civ. P. 56.1(c); LCvR 56.1(c) and (d).

The Management Analyst position required the following job duties: (1) administering the records management program, including monitoring, inspecting, and preserving Army records at the plant and approving or disapproving acquisition and reallocation requests for relevant equipment; (2) administering the copier program, including approving and disapproving requests for copiers, generating reports, and analyzing data to determine future needs; (3) serving as the forms management officer, including review and approval of request for new forms, standardization of forms, and design of new forms; and (4) serving as forms control officer, which involved ordering and distributing forms and publications for the installation. In carrying out the job duties, the employee was expected to conduct studies and recommend improvements, communicate well with individuals in a variety of positions within and outside the organization, take initiative in developing the best approaches to potential problems, keep supervisors informed of progress and potential problems, and make critical decisions regarding the best way to accomplish goals for the records, copier, and forms management programs.

To qualify for the position, an applicant was required to have one year of specialized experience at the GS-7 level and experience in (1) records and forms management; (2) formulating written and verbal summaries with results and conclusions; and (3)

evaluating and analyzing information, interpreting guidance, and conducting studies for recommendations.

Shannon Dannelley, who served as the Director of Information Management at the ammunition plant in the Spring of 2010, had been Plaintiff's first level supervisor since at least 2008. In 2010, at the time Plaintiff applied for Management Analyst position, David Clemons, Chief of IT Services of the Management Division, was Plaintiff's first level supervisor, and Ms. Dannelley supervised Mr. Clemons. Although Mr. Clemons was the selecting official for the Management Analyst position, because he was new to his position and Ms. Dannelley was the approving official, she assisted with the selection for the Management Analyst position.

Once the applications were received, the Civilian Personnel Advisory Center, which performed human resources functions for civilian employees at the ammunition plant, reviewed the applications and generated a referral list of applicants who were considered qualified for the position.

Ms. Dannelley and Mr. Clemons reviewed the resumes of the qualified candidates and both decided Jeneal Dotte was the best qualified candidate for the Management Analyst position. Mr. Clemons submitted Ms. Dotte's name to Ms. Dannelley for approval, which she approved and then advised the Office of Equal Employment Opportunity and the Civilian Personnel Advisory Center of Ms. Dotte's selection for the position.

3

According to Ms. Dannelley, Ms. Dotte was selected for the position "because her experience included significant leadership experience and independence in carrying out her relevant duties, which were carried out by way of her position as a Sergeant in the Army Reserves, including serving as a lead running the post office in Baghdad, Iraq, as well as experience serving as Suggestion Program Coordinator at [the ammunition plant]." She also had experience with the Freedom of Information Act and with the Privacy Act. Although Plaintiff was qualified for the position, Plaintiff had less leadership experience than Ms. Dotte. Ms. Dannelley stated that Ms. Dotte's experience was important to the position because the position would involve significant interaction with people in and outside the organization. She believed Ms. Dotte's supervisory experience would help her with performing lead functions as records manager.

After Ms. Dotte was selected for the position, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming she was denied the Management Analyst position based upon her race and age. Her claims were denied by final order on July 8, 2014, and the agency's final order was affirmed on appeal by the EEOC on September 22, 2016.

Plaintiff commenced this action on December 13, 2016, alleging race discrimination in violation of Title VII of the Civil Rights Act ("Title VII") of 1964 and age discrimination in

4

violation of the Age Discrimination in Employment Act ("ADEA") of 1975. Plaintiff also asserts retaliation and discrimination associated with Defendant's actions during 2012 and 2013. Defendant filed the subject Motion, contending Plaintiff cannot prevail on her race and age discrimination claims.[2]

---

[2] As noted in Defendant's motion, the EEOC's decision specifically focused on Plaintiff's discrimination claims related to her non-selection for the 2010 Management Analyst position. It did not address additional complaints by Plaintiff of discrimination and retaliation after her non-selection for the position. The pertinent portion of the EEOC decision states:

> Also on appeal, Complainant attempts to raise new claims of reprisal. Specifically, Complainant alleges that as a result of filing the instant EEO complaint, she has received poor performance evaluations and been threatened with early retirement if she continues to pursue her EEO complaint. Under Commission policy, a complainant is protected from any retaliatory discrimination that is reasonably likely to deter . . . complainant or others from engaging in protected activity." Maclin v. United States Postal Serv., EEOC Appeal No. 0120070788 (Mar. 29, 2007)[.] Additionally, agencies have a continuing duty to promote the full realization of equal employment opportunity in its policies and practices. See 29 C.F.R. § 1614.101; Binseel v. Dep't of the Army, EEOC Request No. 05970584 (Oct. 8, 1998)[.] However, Complainant's reprisal claim is not at issue in the complaint before us, so it will not be adjudicated in this decision. If she has not done so already, Complainant may raise h[er] new claim of reprisal in a separate complaint by contacting an EEO Counselor pursuant to 29 C.F.R. § 1614.105.

*See* Defendant's Motion, p. 7 (Ex. 3). As noted by the EEOC in its decision, Plaintiff was required to file another complaint regarding conduct by Defendant that occurred after she filed her initial complaint concerning her non-selection for the Management Analyst position. *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) ("[E]ach discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment

5

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Universal Money Centers v. A.T. & T.*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the

---

practice' for which administrative remedies must be exhausted.").

In its Answer to Plaintiff's Third Amended Complaint (Docket Entry # 90), Defendant properly raised as an affirmative defense Plaintiff's failure to exhaust her claims in the administrative process. *See Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."). Thus, because Plaintiff has failed to exhaust her administrative remedies with regard to her allegations of discrimination and retaliation during 2012 and 2013, the Court will not consider the allegations further.

nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial.  *Applied Genetics v. First Affiliated Securities*, *Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983).

The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence.  Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3).  Only admissible evidence may be considered when ruling on a motion for summary judgment.  *Jaramillo v. Colorado Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).  Affidavits must be based on personal knowledge and must set forth facts that would be admissible evidence at trial.  *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995)(quotations and citation omitted).  "Conclusory and self-serving affidavits are not sufficient."  *Id*.

To establish a case of intentional discrimination, Plaintiff has two options – she may satisfy her burden of proof by offering direct evidence of discriminatory intent or she may demonstrate such intent indirectly by following the burden-shifting framework

set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1509 (10th Cir. 1997) (race); *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277-79 (10th Cir. 2010) (age).

Based upon the briefing, the parties agree that Plaintiff's claims of race and age discrimination should be analyzed under the burden-shifting framework of *McDonnell Douglas*, as there is no direct evidence of discrimination. Under *McDonnell Douglas*, a plaintiff must first demonstrate a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas*, 411 U.S. at 802. The standard for establishing a *prima facie case* is not an onerous burden for a plaintiff. *Id*. at 802, n.13; *see also Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981).

Once a plaintiff establishes a *prima facie case*, the burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its conduct against plaintiff. At this stage, the defendant need only "explain its actions against the plaintiff in terms that are not facially prohibited by Title VII [or the ADEA]." *EEOC v. Flasher Co., Inc.*, 986 F.2d 1312, 1317 (10th Cir. 1992). If a defendant meets its burden, then the plaintiff must demonstrate by a preponderance of the evidence that the reason proffered by the defendant is pretextual. *McDonnell Douglas*, 411 U.S. at 803. A plaintiff may

show that a defendant's proffered reasons are pretextual by demonstrating that they are "'so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude [they are] unworthy of belief.'" *Conroy v. Vilsack*, 707 F.3d 1163, 1172 (10th Cir. 2013), quoting *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1038-39 (10th Cir. 2011) (alteration in original).[3]

To establish a *prima facie* case of race discrimination under Title VII for failure to promote, a plaintiff must establish that: "(1) she was a member of a protected class; (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled." *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003), citing *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). To establish a *prima facie* case of age discrimination under the ADEA for failure to promote, a plaintiff must establish "that [s]he (1) was within the protected age group at the time of the failure to promote; (2) was qualified for promotion; (3) was not promoted; and (4) was passed over for an available promotion in favor of someone younger." *Furr v. AT & T Techs, Inc.*, 824 F.2d 1537, 1542 (10th Cir. 1987). Defendant seemingly does not dispute that Plaintiff has stated a *prima facie*

---

[3] Even though the burdens shift between a plaintiff and a defendant, the ultimate burden of persuasion remains with a plaintiff to proffer evidence that the defendant engaged in prohibited discriminatory conduct. *Texas Dep't of Cmty. Affairs*, 450 U.S. at 253.

9

case of discrimination on her Title VII or ADEA claims, as Defendant's arguments center on why Plaintiff has failed to show pretext for discrimination.

With the initial burden satisfied, Defendant is required to provide a legitimate, nondiscriminatory reason for failing to promote Plaintiff. Defendant states that Plaintiff was not hired for the Management Analyst position, because she was not the best qualified applicant. Jeneal Dotte was hired for the position because she had experience in all the required areas of responsibility, she had superior leadership skills, and she was expected to be more independent in carrying out the job's responsibilities.

Plaintiff concedes that Defendant has rebutted her *prima facie* case by articulating a legitimate, nondiscriminatory reason for failing to promote her. However, like Defendant, Plaintiff focuses her argument on the third step of the *McDonnell Douglas* framework. In an attempt to show that Defendant's proffered reasons for failing to promote her were a pretext for race and age discrimination, Plaintiff alleges the following demonstrate pretext: (1) Defendant's history of denying Plaintiff promotions and of keeping her in the mailroom; (2) Defendant's prior history of discrimination with other African-American employees; (3) inconsistencies regarding who made the hiring decision for the Management Analyst position and influences on the decision; and

(4) Plaintiff was the best qualified candidate for the Management Analyst position. The Court addresses each of Plaintiff's contentions below.

Plaintiff first asks the Court to draw an inference of pretext based upon Defendant's history of denying her promotions and prior discrimination. Relying upon her affidavit and certain past emails suggesting what duties she performed over the years, Plaintiff maintains she has been subject to discrimination since she began her employment at the ammunition plant 33 years ago. She states she was hired by Defendant only after filing an EEOC complaint. She also states that she was hired into a mailroom position in 1995 and has been kept segregated in that position from the white employees, while being given other duties in addition to her mailroom duties. Plaintiff applied for the Management Analyst position in 2000. Even though she was not selected, she contends she worked closely with Alveda Blankenship, a white female, who was selected for the position. Plaintiff asserts she was more qualified for the position than Ms. Blankenship and trained her to perform most of the duties for the position. Plaintiff asserts that during her work with Ms. Blankenship, she often performed the duties of the Management Analyst position. She asserts that when Ms. Blankenship began thinking about retirement, Defendant began adding new employees to ensure she remained in the mailroom. Ms.

Blankenship eventually retired and that is when the position again became available in the Spring of 2010.

Plaintiff's allegations in her affidavit serve as nothing more than her subjective belief that she was discriminated against by Defendant based upon her race and age prior to applying for the Management Analyst position. This is not evidence upon which the Court can draw an inference that Defendant's reasons for hiring Ms. Dotte for the 2010 position was pretext for race or age discrimination against Plaintiff. *See Aramburu v. Boeing, Co.*, 112 F.3d 1398, 1408 n.7 (10th Cir. 1997)(noting "subjective belief of discrimination is not sufficient to preclude summary judgment"), citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1491 (10th Cir. 1995)(stating an employee's mere conjecture that her employer's explanation for an adverse employment action is pretext for intentional discrimination is insufficient to preclude summary judgment), *cert. denied*, 516 U.S. 1160 (1996). Moreover, Plaintiff presents no evidence that this prior alleged conduct was related to or carried out by the same supervisors who denied her the 2010 Management Analyst position. *See Jackson v. NT Media, LLC*, 233 Fed. Appx. 770, 782 (10th Cir. 2006)("Comments or actions unrelated to the challenged action 'are insufficient to show a discriminatory animus[.]'"), quoting *Minshall v. McGraw Hill Broad Co.*, 323 F.3d 1273, 1281 (10th Cir. 2003); *see also Little v. Illinois Dept. of Revenue*, 369 F.3d 1007, 1015 (7th Cir. 2004)

("The analysis of pretext focuses only on what the decisionmaker, and not anyone else, sincerely believed.").

Plaintiff also alleges Ms. Dannelley had prior conflicts with at least two other African-American employees, which Plaintiff believes was based upon their race. Plaintiff's allegations are based upon what she remembers and what the individuals told her. This evidence is improper to establish pretext, as it establishes only a subjective belief by Plaintiff, or perhaps others, that Ms. Dannelley discriminated against them based upon their race. *See Aramburu*, 112 F.3d at 1408 n.7. Moreover, Plaintiff's evidence is based upon hearsay and is not competent evidence for opposing summary judgment. *See Jaramillo*, 427 F.3d at 1314 (holding that hearsay evidence is not acceptable in opposing a summary judgment motion).

Plaintiff next attempts to establish pretext based upon inconsistencies in exactly who made the decision that Ms. Dotte should be hired for the position and influences on the decision. She cites to testimony from Mr. Clemons, wherein she asserts he testified that he would have recommended Plaintiff for the position and that Ms. Dannelley made the decision to hire Ms. Dotte. Although Mr. Clemons testified that at the time, he would have recommended Plaintiff for the position, when asked if Plaintiff was the "better choice" for the position, Mr. Clemons testified "not necessarily." Mr. Clemons testified he could not remember

13

whether Ms. Dannelley sought his opinion in the selection of Ms. Dotte. However, the undisputed affidavit of Ms. Dannelley stated that both she and Mr. Clemons made the decision to hire Ms. Dotte for the position. The Court views any inconsistencies in this regard as minor and insufficient to demonstrate a pretext for race or age discrimination against Plaintiff.

Plaintiff further argues that Ms. Blankenship influenced the hiring process by speaking with Ms. Dannelley and Mr. Clemons about the position. However, Plaintiff's argument is undercut by her own testimony that she knows only that Ms. Blankenship spoke to Ms. Dannelley and Mr. Clemons regarding the qualifications of Ms. Dotte and one other applicant. She does not have evidence that Ms. Blankenship somehow influenced the hiring decision. In fact, Plaintiff testified that prior to her application for the position, she received top job performance ratings from Ms. Dannelley and Mr. Clemons, she had never had any conflicts with them, and she believed they had a good working relationship.

Finally, Plaintiff asserts Defendant's decision to hire Ms. Dotte was pretext for race and age discrimination because she was the best qualified person for the job. As part of this argument, Plaintiff asserts several instances that purportedly show she was most qualified for the position: (1) she had more experience than Ms. Dotte and post-graduate work Ms. Dotte did not possess; (2) the job description did not require leadership experience; (3) she

14

had better attendance than Ms. Dotte; and (4) Defendant rehired Ms. Blankenship to train Ms. Dotte to perform the job.

Although a court "'will draw an inference of pretext where the facts assure [it] that the plaintiff is better qualified than the other candidates for the position[,]'" see *Conroy*, 707 F.3d at 1172, quoting *Santana v. City and County of Denver*, 488 F.3d 1260, 1267 (10th Cir. 2003), "[it] will not draw that inference based upon 'minor differences between plaintiff's qualifications and those of successful applicants'; rather, there must be 'an overwhelming merit disparity.'" *Id.*, quoting *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1319 (10th Cir. 1999), *overruled on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). A court's "'role is to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments.'" *Jones*, 349 F.3d at 1267, quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1329 (10th Cir. 1999).

Defendant does not dispute Plaintiff's experience or that she possessed post-graduate work not possessed by Ms. Dotte. Defendant admits Plaintiff was qualified for the position. However, the evidence shows Ms. Dotte had the necessary experience in all the required areas of responsibility, and that although she did not possess post-graduate course work, the position did not require it. Moreover, Defendant has stated that its primary reason for

hiring Ms. Dotte was because she not only had the required experience, but she had superior leadership skills and was expected to be more independent in carrying out the job's responsibilities. Defendant could consider her leadership abilities in its selection decision. *See Martinez v. United States Dep't of Energy*, 170 Fed. Appx. 517, 519 (10th Cir. 2006) (finding leadership abilities, along with other skills and abilities, could serve as a legitimate, non-discriminatory reason for hiring a candidate).

Moreover, Plaintiff's contentions that she was more qualified for the position because she had better attendance than Ms. Dotte and because Ms. Blankenship came out of retirement to train Ms. Dotte (presumably, training Plaintiff would not have been necessary if she had been hired) do not allow for the Court to draw an inference of pretext. The emails attached by Plaintiff regarding Ms. Dotte's attendance are from after Defendant's hiring decision. Plaintiff has provided no evidence Ms. Dotte had attendance issues prior to her selection for the position or, even if she did, Defendant was aware of it. Moreover, the evidence shows Ms. Blankenship was rehired to help with transitions and staffing issues caused by the deployment of one of Defendant's employees. She was hired on a temporary three-month basis because she had previously held the Management Analyst position.

The Plaintiff's evidence does not demonstrate "an overwhelming merit disparity" between Plaintiff's and Ms. Dotte's

qualifications for the Management Analyst position. Thus, Plaintiff has failed to establish pretext based on her qualifications for the position.

Plaintiff has failed to demonstrate the requirements necessary to establish that Defendant's decision to hire Ms. Dotte was a pretext for race and age discrimination against Plaintiff. Plaintiff's evidence is not "sufficient to raise a genuine doubt about Defendant's motive." *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1200 (10th Cir. 2000). Defendant is therefore entitled to summary judgment on Plaintiff's Title VII and ADEA claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment and Memorandum in Support Thereof (Docket Entry #89) is hereby **GRANTED**. Judgment will be entered for Defendant accordingly.

IT IS SO ORDERED this 30th day of September, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE